Filed 10/3/13  P. v. Pinks CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LENNOX PINKS,<br><br>    Defendant and Appellant. | H038922<br>(Monterey County<br> Super. Ct. No. SS110802A) |

## I. INTRODUCTION

Male inmates in the Salinas Valley State Prison are expected to disrobe in their cells, bend over, and spread their buttocks at the direction of correctional officers outside their cells.  During such a routine search for contraband on December 30, 2010, Correctional Officer Troy Miller noticed some lubricant in the rectal area of defendant Lennox Pinks and a plastic ball protruding from his rectum.  Miller handcuffed defendant after having him dress and brought him to a more secure area in a health annex for a further search.  Although defendant denied having any contraband on his person, Miller confirmed his observation during a repetition of the earlier examination.  On further questioning by Miller, defendant admitted it was drugs and clarified that it was heroin.  At Miller's request, defendant removed a plastic-wrapped bindle and dropped it behind himself.  Subsequent analysis by a criminologist confirmed that in defendant's rectum were four plastic-wrapped bindles of black tar heroin totaling .35 grams in weight.

Facing charges of unauthorized possession of heroin in prison (Pen. Code, § 4573.6[1]) with a prior robbery conviction (§ 1170.12), defendant agreed to waive a jury trial on the condition that if convicted, his maximum sentence would be the lower term doubled to four years. The same day, August 20, 2012, defendant was convicted as charged after a court trial based on the above evidence with no testimony from defendant. He requested immediate sentencing and was sentenced the same day to prison for four years consecutive to any other sentence he was already serving. Defendant filed a handwritten notice of appeal on October 11, 2012 that explained that his attorney had breached a promise to mail him a notice of appeal form.

By letter dated May 2, 2013, this court notified defendant that his appellate counsel filed a brief inviting us to identify any arguable appellate issues. Defendant has responded with a half-page handwritten letter acknowledging our letter and asking for assistance in arguing that his trial counsel was ineffective because defendant was not allowed to call specific witnesses. For the reasons stated below, we will affirm the judgment.

## II. STANDARD OF REVIEW

We review the entire record to determine whether appointed counsel has correctly determined that there are no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) In performing our review, we are required to give a brief description of the facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed, and to address any contentions personally raised by the defendant. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

---

[1] Unspecified section references are to the Penal Code.

2

# III. TRIAL COURT PROCEEDINGS

On April 25, 2011, defendant was charged by complaint with unauthorized possession of heroin while in Salinas Valley State Prison on December 30, 2010. The complaint also alleged that he had previously been convicted of two robberies using a firearm in April 2007. (§ 1170.12.) On April 28, 2011, defendant was arraigned and waived a speedy trial. On May 19, 2011, defendant waived a preliminary examination and was held to answer on the charges. An information conforming to the complaint was filed on May 23, 2011.

On July 7, 2011, defendant filed a request for information from the personnel files of four correctional officers including Troy Miller pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, sections 832.7, 832.8, and Evidence Code sections 1043 -1045. The request was based on a declaration by defendant's attorney on information and belief, but no statement from defendant. The request also included the prison incident reports (CDCR form 837-A) filed by four correctional officers including Miller and Ronaldo Salao. The Attorney General, representing the California Department of Corrections and Rehabilitation, filed written opposition. After argument at a hearing on August 10, 2011, the court denied the request due to lack of "specific citations as to any inaccuracies, falsehoods, misstatements in the officers' reports" and the claims of falsification being too conclusory.

After several continuances, the case returned for jury trial setting on January 11, 2012. On that date, defendant asked to file a *Marsden* motion. (*People* v. *Marsden* (1970) 2 Cal.3d 118.) At a closed hearing the same day, defendant expressed concern that his attorney was not working hard enough for him and was "doing certain investigations, but just not the ones . . . that are really relevant to this case."[2] The

---

[2] We have reviewed the sealed transcript of this hearing.

attorney explained what work he and a defense investigator had done. The investigator had met with defendant at least five times. Without a defense motion, the prosecutor had agreed to strike one of the strikes. The trial court denied defendant's request to appoint a substitute counsel.[3] Trial was scheduled for April 2, 2012.

After several continuances, the case was eventually called for trial on August 20, 2012. Defendant agreed to waive jury trial on the understanding that he would receive a four-year sentence if found guilty. The prosecutor asked the court to dismiss one of defendant's two charged strikes, explaining that the dismissal was "not part of any plea bargain."

As we have previously summarized, the evidence at trial consisted of testimony from Correctional Officer Troy Miller, Correctional Officer Ronaldo Salao (the evidence officer at Salinas Valley State Prison who received the bindle from Miller), and a criminologist who weighed the bindles and subjected the contents to chemical tests.

After the close of evidence, defense counsel submitted the case without argument, noting only that defendant contends he is not guilty. The court found defendant guilty. Defendant waived time for sentencing and preparation of a probation report, and requested immediate sentencing. The court sentenced him to four years in prison, representing the lower term doubled due to the prior strike. The court also imposed the minimum restitution fund fine of $240 and "$70 in court assessments."[4]

---

[3] On a later date defendant made and withdrew a second *Marsden* motion.

[4] The minute order of August 20, 2012, signed by the trial judge on September 4, 2012, erroneously reflects a court security fee of $30 under section 1465.8, subdivision (a)(1), and a court facilities assessment of $30 under Government Code section 70373. However, the abstract of judgment filed on September 6, 2012, correctly reflects a $40 "Court Security Fee" under section 1465.8 and $30 "Criminal Conviction Assessment" under Government Code section 70373.

Under the current statutes, these amounts are technically assessments imposed "on every conviction for a criminal offense." (§ 1465.8, subd. (a)(1), Gov. Code, § 70373,

*(Continued)*

4

## IV. DEFENDANT'S LETTER

Defendant has asked for assistance in presenting his claim on appeal that trial counsel was ineffective for failing to call unspecified witnesses. He does not mention whether he asked his appointed appellate counsel for such assistance. The initial incident report recorded defendant's admission to having heroin in his rectum. Defendant has not disavowed this admission, and he has not offered an alternative explanation of Officer Miller's observations. We do not see what other witnesses could have said that might have affected the outcome of defendant's court trial.

We have reviewed the entire record and have found no arguable issue.

---

subd. (a).) Government Code section 70373 has provided without amendment since 2009 for imposition of a $30 "assessment" for "funding for court facilities." (Stats. 2008, ch. 311, § 6.5, p. 2113.) Section 1465.8 originally provided in 2003 for imposition of a $20 "fee" for funding "court security." (Stats. 2003, ch. 159, § 25, p. 1676.) That fee was increased to $30 effective July 28, 2009 (Stats. 2009, 4th Ex. Session 2009-2010, ch. 22, § 29, 3 West's 2009-2010 Session Laws, p. 5346) and to $40 effective October 10, 2010 (Stats. 2010, ch. 720, § 33, 3 West's 2010 Session Laws, p. 4918).

We regard the $30 amount for a court security fee appearing in the typed minute order as a clerical error subject to nunc pro tunc correction. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The abstract of judgment accurately reflects the collective amounts ordered orally by the court.

## V. DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.

6